## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

SUSIE THOMAS, an individual

CIRCUIT CIVIL DIVISION

       Plaintiff,

v.

CASE NO.

_____

STEVEN BROWN, as an individual and as personal representative of the Estate of Alan Robert Brown,

       Defendant.

_____/

## COMPLAINT

Plaintiff, Susie Thomas ("Thomas" or "Plaintiff"), hereby sues Defendant, Steven Brown ("Brown" or "Defendant"), both individually and as the personal representative of the estate ("Estate") of Alan Robert Brown ("Decedent"), and in support, alleges as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1.     This is an action for damages and other relief, including the return of missing property, where the amount in controversy exceeds $75,000 exclusive of costs, interest, and attorneys' fees and is within the jurisdiction of this Court.

2.     Plaintiff, Susie Thomas, is a resident of the State of California and is otherwise *sui juris*.

3.      Prior to and at the time of his passing, Decedent, Alan Robert Brown, was a resident of the State of Florida.

4.      Upon information and belief, Defendant, Steven Brown, is a resident of Australia and is otherwise *sui juris*.

5.      The Court has personal jurisdiction over Defendant Brown pursuant to Section 734.101, Florida Statutes, because he is a foreign personal representative of the Estate, which concerns property in Pasco County, which is located in this District.

6.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(c)(2) because Decedent was a resident of the State of Florida prior to and at the time of his passing, making Defendant Brown, as the legal representative of the Estate, a citizen of the State of Florida for the purposes of diversity jurisdiction. Also, as noted above, Defendant Brown is a resident of Australia. Plaintiff Susie Thomas is a resident of the State of California. Thus, the Court has diversity jurisdiction over this case.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred or accrued in Pasco County, Florida, which is in the Middle District of Florida, and because Decedent's Estate is located in Pasco County, Florida.

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300, Miami, FL 33131-3456

## GENERAL ALLEGATIONS

8.      This is an action for damages and other relief arising from, among other things, Defendant Brown's pervasive breaches of his fiduciary duties as the personal representative of the Estate. His breaches have included, but are not limited to, self-dealing and converting Thomas's rightful inheritance for his own personal gain. Defendant Brown has also made defamatory statements against Thomas regarding the Decedent's death, adding grave insult to the monetary injuries.

9.      On June 15, 2019, Decedent Alan Robert Brown passed away.

10.     In his will, besides some smaller gifts to certain individuals, Decedent left half of the residue of his Estate to his daughter, Plaintiff Thomas, and the other half of the residue to Thomas's cousin (*i.e.*, Decedent's nephew), Defendant Brown. In other words, Decedent's expressed intent through his will was for most of his assets to be divided equally between Thomas and Defendant Brown. *A true and correct copy of Decedent's will is attached hereto as Exhibit "A."*

11.     On July 23, 2019, a petition for administration of the Estate was filed in Pasco County.

12.     On July 29, 2019, an order was entered admitting the will to probate and appointing Defendant Brown as the personal representative for the Estate.

3

## Steven Brown Breached His Fiduciary Duties to Thomas

13.    Defendant Brown has abused his position of power as the personal representative of the Estate and breached his fiduciary duties to Thomas as a beneficiary by stealing large portions of Thomas' inheritance for his own personal gain.

14.    For example, Defendant Brown failed to disclose to Thomas the existence of several of Decedent's valuable bank accounts that Defendant Brown, as personal representative, had a duty to disclose and make an official part of the Estate. But instead of doing so, Defendant Brown illegally kept these accounts secret and seized their funds for himself, ensuring that they were never made a part of the official Estate and the probate process as they should have been.

15.    Defendant Brown likewise failed to make many valuable personal items part of the official Estate and probate process, including but not limited to Decedent's valuable watch collection, which is likely valued at $80,000 or more. (Plaintiff will refer to the hidden bank accounts and the undisclosed personal items together as the "Hidden Assets.")

16.    Additionally, in a brazen attempt to circumvent the express terms of the will and keep even more assets outside of the official Estate and the

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300, Miami, FL 33131-3456

probate process to ensure that Thomas would not receive her fair 50% share, Defendant Brown connived to list several of Decedent's accounts totaling $517,229.05 as payable upon death to himself ("POD Accounts"). Defendant Brown illegally converted the POD Accounts for his own use prior to the Estate being administered and thereby deprived Thomas of her share of the proceeds from these accounts.

17.     Having the POD Accounts being designated solely to Defendant Brown is wholly inconsistent with the expressed intent of Decedent's will to divide all of his assets equally, and was likely due either to undue influence or to outright unauthorized manipulation of the accounts.

18.     At all times relevant to this action, Thomas had a present or immediate right of possession to the Hidden Assets and POD Accounts.

19.     Upon information and belief, Thomas's portion of the Hidden Assets and POD Accounts have an approximate value of at least two hundred ninety thousand dollars ($290,000.00). The actual amount is likely much higher because Thomas does not know the value of the hidden bank accounts.

20.     As the Estate's personal representative, Defendant Brown's fiduciary duties to Thomas included the duty of loyalty and the duty of care.

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300, Miami, FL 33131-3456

21.    As detailed herein, Defendant Brown fell well short of these exacting standards. Defendant Brown's failure to enter all the Hidden Assets and POD Accounts into probate is a glaring breach of Defendant Brown's duty of care. Worse still, Defendant Brown's obvious self-dealing with the Hidden Assets and POD Accounts is a classic breach of his duty of loyalty to Thomas.

22.    Moreover, Defendant Brown's outright pilfering of the Hidden Assets and POD Accounts, including the accounts and personal items he failed to disclose, goes beyond a breach of fiduciary duty and constitutes a conversion of Thomas's property.

23.    Defendant Brown currently maintains control of the Hidden Assets and POD Accounts, which Thomas is seeking to put into the Estate, where they should have been all along.

## Steven Brown Defamed Thomas

24.    As if the pilfering of Thomas's father's assets were not bad enough, Defendant Brown also brazenly accused Thomas of homicide of her father (Decedent) in front of at least one third party.

25.    In the presence of Barbara Ann Williams, Defendant Brown spread false and malicious statements that Thomas caused Decedent to overdose with drugs.

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300, Miami, FL 33131-3456

26.    Defendant Brown's defamatory statements are completely untrue, baseless, and were made with actual malice and with the deliberate intent of causing damage and injury to Thomas's character and reputation.

27.    Defendant Brown engaged in negligent and/or reckless conduct with malicious purpose, and in a manner exhibiting wanton and willful disregard of Thomas's rights.

28.    Defendant Brown's false and malicious statements have caused Thomas to be subjected to distrust, ridicule, contempt, and disgrace, and have injured Thomas's business reputation as a nurse in the community and goodwill.

29.    Defendant Brown's statements have also accused Thomas of committing a horrific and unthinkable crime—the homicide of her father.

30.    Defendant Brown's conduct has injured Thomas, including financially and emotionally. This includes, but is not limited to, the fact that Thomas has required professional counseling as a result of Defendant Brown's conduct.

## Remaining Allegations

31.    All conditions precedent to the maintenance of this action, if any, have occurred, been performed, or have been waived.

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456

32.    Thomas has retained the law firm of Bilzin Sumberg Baena Price & Axelrod LLP to represent her in this matter and is obligated to pay it reasonable fees for its services.

## COUNT I – BREACH OF FIDUCIARY DUTY
### [Florida Statutes 733.602 and 733.609(1)]

33.    Plaintiff realleges paragraphs 1 through 32 as if fully set forth herein.

34.    Under Florida law, a personal representative of an estate acts as a fiduciary of both the beneficiaries and creditors of the estate and is required to exert the same standard of care as that of a trustee acting under an expressed trust.

35.    As a fiduciary, the personal representative has a duty to protect the beneficiaries' interest by fair dealing in good faith with fidelity and integrity, and his personal interests may not conflict with his fiduciary obligations to the estate.

36.    As the Estate's personal representative, Defendant Brown's fiduciary duties to Thomas included the duties of loyalty and care.

37.    Defendant Brown invited Thomas's utmost trust and loyalty as her fiduciary, and, as a result, Thomas reposed the utmost trust and loyalty in Defendant Brown.

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456

38.    As described above, Defendant Brown intentionally and/or negligently violated the trust and confidence of Thomas and thereby materially breached his fiduciary duty to Thomas by self-dealing.

39.    As a direct and proximate cause of Defendant Brown's breaches of fiduciary duty, Thomas has incurred substantial harm, including but not limited to, at least $40,000 for Thomas's share of the personal items to which she is entitled, at least $250,000 for Thomas's share of the "payable on death" accounts, and damages to-be-determined through discovery for the valuable bank accounts Brown failed to disclose. Brown breached his fiduciary duties by improperly keeping out of the official Estate assets that should have been in the Estate, including the bank accounts Brown failed to disclose in his Estate accountings and the other accounts that were rigged to be payable upon death to circumvent the Estate and probate process.

40.    Brown also breached his fiduciary duties to Thomas as a beneficiary by enriching himself to Thomas's detriment by improperly retaining the Hidden Assets for personal use.

41.    The Hidden Accounts and POD Accounts have never been and are not currently a part of the official Estate. Brown ensured that to be the case when he hid the existence of the valuable property from Thomas so that Brown could

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456

retain Thomas's share all for himself and listed the POD Accounts to himself so that those accounts would not be subject to administration by the Estate.

42.    Brown is currently in possession of the aforementioned assets (including the personal items). Thomas, as a beneficiary of the Estate, is seeking to recover these assets and put them into the official Estate so that they can be properly distributed by the probate court.

**WHEREFORE**, Plaintiff, Susie Thomas respectfully requests that this Court enter judgment in her favor against Defendant, Steven Brown and order Defendant to send the Hidden Assets and POD Accounts to the official Estate for the probate court to determine distribution. Plaintiff further requests this Court enter judgment against Defendant for damages, attorney's fees pursuant to section 733.609, Fla. Stat, to be paid by Brown personally (not out of the Estate), as well as costs and interest, together with such other and further relief the Court deems just and proper under the circumstances.

## COUNT II – CONVERSION

43.    Plaintiff alleges paragraphs 1 through 32 as if fully set forth herein.

44.    Defendant Brown misappropriated property from Thomas, namely, her portion of the Hidden Assets and POD Accounts, which include the bank accounts (value to be determined during discovery), personal items including

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300, Miami, FL 33131-3456

but not limited to, Decedent's watch collection valued at over $80,000 (making Thomas's portion at minimum, $40,000.00), and the six payable upon death accounts equating to $517,229.05, half of which Thomas is entitled to. Defendant Brown misappropriated the Hidden Assets and POD Accounts for his own use and benefit without the consent, permission, or authorization of Thomas and without justification.

45.    Thomas's share of the misappropriated Hidden Assets and POD Accounts hold an estimated value of at least two hundred and ninety thousand dollars ($290,000.00), plus the value of the undisclosed accounts.

46.    Defendant Brown wrongfully asserted dominion and control over personal property that Thomas had a present or immediate right of possession to, inconsistent with her ownership thereof, and permanently deprived Thomas of such property.

47.    Defendant Brown's conversion of Thomas's property for his own use was intentional, willful, and made with a total disregard for the rights of Thomas and without Thomas's consent, authorization, or approval.

48.    As a direct and proximate result of Defendant Brown's conduct, Thomas incurred damages.

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456

49.    Despite a written demand that Defendant Brown return to Thomas her portion of the Hidden Assets and POD Accounts that he converted, Defendant Brown failed to and refused to do so.

50.    The Hidden Assets and POD Accounts are currently in Defendant Brown's possession. Thomas, as a beneficiary of the Estate, is seeking to recover the Hidden Assets and POD Accounts and send them to the official Estate so that they can be distributed by the probate court.

**WHEREFORE**, Plaintiff, Susie Thomas respectfully requests that this Court enter judgment in her favor against Defendant, Steven Brown and order Defendant to put the Hidden Assets and POD Accounts into the official Estate for the probate court to determine distribution. Plaintiff further requests this Court enter judgment against Defendant for damages suffered as a result of his wrongful acts including pre-and post-judgment interest, costs, and such other and further relief this Court deems just and proper.

## COUNT III –SLANDER PER SE

51.    Plaintiff alleges paragraphs 1 through 32 as if fully set forth herein.

52.    Defendant Brown uttered false statements to third parties claiming that Thomas caused Decedent to overdose on drugs, resulting in his death.

12

53.    These false statements imputed characteristics, conditions, and conduct to Thomas that is incompatible with the exercise of Thomas's business, trade, or profession as a nurse.

54.    Defendant Brown's false statements are defamatory *per se*, as they attacked Thomas's integrity, character, and morality such that others would refrain from associating with her and employing her/doing business with her.

55.    Defendant Brown's false statements are also defamatory *per se* as they falsely accused Thomas of a crime involving moral turpitude and/or a felony—homicide of her father.

56.    Defendant Brown acted with knowledge, reckless disregard, or negligence when he made the false statements concerning Thomas to third parties.

57.    Thomas has been damaged by the false statements because the statements subject Thomas to distrust, ridicule, contempt, and disgrace and negatively impacted her social, official, and business relationships and reputation.

**WHEREFORE**, Plaintiff, Susie Thomas respectfully requests that this Court enter judgment in her favor and against Defendant, Steven Brown, for damages suffered as a result of his wrongful acts including pre-and post-

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300, Miami, FL 33131-3456

judgment interest, costs, and such other and further relief this Court deems just and proper. Plaintiff also reserves the right to seek leave to plead punitive damages pursuant to section 768.72, Fla. Stat.

## COUNT IV –NEGLIGENCE

58.    Plaintiff alleges paragraphs 1 through 32 as if fully set forth herein.

59.    Defendant Brown had a duty to use that degree of care that an ordinarily careful and prudent person would use under the same or similar circumstances when acting as a personal representative of an estate.

60.    Defendant Brown was negligent in his duties as a fiduciary to Thomas.

61.    Defendant Brown's negligence included failing to disclose to Thomas the existence of several of Decedent's valuable bank accounts that Brown had a duty to disclose. Defendant Brown failed to disclose these accounts and instead of entering them into the official Estate and the probate process, illegally converted these accounts outside of the official Estate and probate process, keeping Thomas's half of the money for himself.

62.    Similarly, Defendant Brown failed to make many valuable personal items, including but not limited to Decedent's valuable watch collection valued at over $80,000, part of the official Estate and probate process. Thus, Defendant

14

Brown illegally converted Thomas's half of these personal items (as well as others) for himself.

63.    Additionally, in an attempt to circumvent the express terms of the will, Defendant Brown connived to list various accounts as payable upon death to himself, leaving Thomas with nothing. These accounts hold a value totaling $517,229.05. Defendant Brown illegally converted these accounts for his own use prior to the Estate being administered and deprived Thomas of her share of the proceeds from these accounts by wrongfully dodging the probate process.

64.    Having these payable upon death accounts being designated solely to Defendant Brown is wholly inconsistent with the expressed intent of Decedent's will to divide all of his assets equally.

65.    The Hidden Assets and POD Accounts are currently in Defendant Brown's possession. Thomas, as a beneficiary of the Estate, is seeking to recover the Hidden Assets and POD Accounts and send them to the official Estate so that they can be distributed by the probate court.

66.    Defendant Brown's breach of his duty and negligence caused the injuries and damages claimed of herein and Thomas has suffered damages as a direct result of the negligent conduct of Defendant Brown.

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300, Miami, FL 33131-3456

**WHEREFORE**, Plaintiff, Susie Thomas respectfully requests that this Court enter judgment in her favor against Defendant, Steven Brown and order Defendant to send the Hidden Assets and POD Accounts to the official Estate for the probate court to determine distribution. Plaintiff further requests this Court enter judgment against Defendant for damages suffered as a result of his wrongful acts including pre-and post-judgment interest, costs, and such other and further relief this Court deems just and proper.

Dated: June 14, 2023.

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
*Attorneys for Plaintiff*
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131-3456
Telephone: (305) 374-7580
Facsimile:  (305) 374-7593

By: */s/ Kenneth Duvall*
    Kenneth Duvall, Esq.
    Florida Bar No. 121826
    E-mail: kduvall@bilzin.com
    Stephanie Koutsodendris, Esq.
    Florida Bar No. 123583
    E-mail: skoutsodendris@bilzin.com
        eservice@bilzin.com
        stapanes@bilzin.com
        asolis@bilzin.com

MIAMI 10599225.2 101726/304174

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456

# EXHIBIT A

## LAST WILL AND TESTAMENT
### of
### ALAN ROBERT BROWN

I, ALAN ROBERT BROWN, being of sound mind and memory, hereby declare that this Last Will and Testament (this "Will") is my will. I revoke all wills and codicils I have previously made.

### Section 1: Place of Residence

I am a resident of the State of Florida.

### Section 2: Marital Status

I am divorced.

### Section 3: Children

I have the following children now living: SUSIE THOMAS and SCOTT BROWN.

For the purposes of this Will, any reference to my children includes only SUSIE THOMAS and SCOTT BROWN, as well as any other of my children born or adopted after the execution of this Will. The exclusion of any child who was born or adopted prior to the execution of this Will is intentional, and any child so excluded is to receive no benefit under this Will.

### Section 4: Distribution of Property

My personal representative shall distribute my estate according to the following bequests.

I leave $10,000 to JIM & DANY HOGAN.

I leave $10,000 to BIL & GAY POUSHO.

I leave $50,000 to BARBARA ANN WILLIAMS.

I leave the rest of my estate to SUSIE THOMAS and STEVEN ANDREW BROWN.

If neither SUSIE THOMAS nor STEVEN ANDREW BROWN survives me, I leave my entire estate to MAUREEN BROWN and MICHAEL THOMAS.

### Distribution Provisions

My entire estate is everything I own at my death that is subject to this Will.

The rest of my estate is everything I own at my death that is subject to this Will and that I have not left as a specific gift to one or more beneficiaries.

A beneficiary must survive me for at least 120 hours to receive property under this Will. As used in this Will, to "survive" me means to be alive or in existence as an organization 120 hours after my



Any property left to two or more beneficiaries is left in equal shares unless otherwise stated in this Will. If any property is left to two or more beneficiaries, and any of such beneficiaries fails to survive me, that property is left to the other of such beneficiaries who survived me, in equal shares.

Despite anything to the contrary in this Will, if a beneficiary does not survive me, and the beneficiary is my child or grandchild, I leave the property intended to be left to such beneficiary to his or her children, or, if no children have survived the beneficiary, to his or her grandchildren; otherwise, the other terms of this Will shall control.

## Section 5: Final Arrangements

I direct that my bodily remains be cremated and the ashes scattered at sea.

I direct that no ceremony or memorial service be held in my honor.

Any outstanding costs associated with my final arrangements shall be paid out of my estate by my personal representative.

## Section 6: Personal Representative

I name STEVEN ANDREW BROWN to serve as my personal representative.

If there are ever two personal representatives serving jointly, they shall act through unanimous agreement. If there are ever more than two personal representatives serving jointly, they shall act by majority decision.

As used in this Will, the term "personal representative" means any personal representative, executrix, or administrator, as applicable, if such term is used in the statutes of any applicable jurisdiction.

I direct my personal representative to take all actions legally permissible to have the probate of this Will carried out as simply and as free of court supervision as possible under the laws of the applicable jurisdiction, including filing a petition in the appropriate court for the independent administration of my estate.

I grant my personal representative the following powers, to be exercised in the best interests of my estate:

1. To retain real estate and personal property without liability for loss or depreciation.

2. To dispose of real estate and personal property by public or private sale, or exchange, or otherwise (whether or not necessary for payment of debts, expenses, or taxes), and receive and administer the proceeds as a part of my estate.

3. To vote stock; to exercise any option or privilege to convert bonds, notes, stocks or other securities belonging to my estate into other bonds, notes, stocks or other securities, and to exercise all other rights and privileges of a person owning similar property.

4. To lease any real estate or personal property in my estate.

5. To abandon, adjust, arbitrate, compromise, sue on or defend and otherwise deal with and settle claims in favor of or against my estate.

6. To continue or participate in any business which is a part of my estate, and to incorporate, dissolve or otherwise change the form of organization of the business.

7. To serve as custodian for any real estate or personal property left to minors who are not my children under the Uniform Transfers to Minors Act until they reach age 21.

These powers, authority and discretion are intended to be in addition to the powers, authority and discretion granted by virtue of serving as a personal representative under applicable law, and may be exercised as often as necessary or advisable, without application to or approval by any court.

No personal representative shall be required to post bond.

### Section 7: Debts

I direct my personal representative to pay all debts and expenses owed by my estate in accordance with applicable law, except for liens and encumbrances placed on property as security for the repayment of a loan or debt.

### Section 8: Taxes

I direct my personal representative to pay all inheritance, estate or transfer taxes assessed against property in my estate or against my beneficiaries in accordance with applicable law.

### Section 9: Severability

If a court invalidates any provision of this Will, that shall not affect the rest of this Will. Any remaining provisions that can be given effect without the invalidated provision shall remain in effect.



THIS PAGE IS ONLY NECESSARY IF YOU CHOOSE TO NOTARIZE YOUR WILL.

## SELF PROVING AFFIDAVIT
## STATE OF FLORIDA

Section 1: ALAN ROBERT BROWN

I, ALAN ROBERT BROWN, declare that I sign and execute this Will as my last will and testament and further declare that I sign it willingly, that I execute it as my free and voluntary act. I declare that I am eighteen years of age or older, of sound mind, and under no constraint or undue influence.

_____                    12/2/2016
Signature                                           Date

### Section 2: Witnesses

We, the witnesses, being out names to this document, in the presence of each other and ALAN ROBERT BROWM. As witnesses, we declare under penalty of perjury that ALAN ROBERT BROWN willingly signed and executed this document as his last will and testament in the presence of each of us. To the best of our knowledge, ALAN ROBERT BROWN is eighteen years of age or older, is of sound mind and is under no constraint or undue influence.

First Witness                                      Second Witness

_____            _____
Signature                                           Signature

CHARLES E GARRETT                          ERN IRONS
Printed name                                       Printed name

Section 3: Notary

Acknowledged and subscribed before me by the people named above.

The testator, ALAN ROBERT BROWN, is personally known to me or has produced

_____ as identification.

The witness named, Charles E. Garrett, is personally known to me or has produced

_____ as identification.

The witness named, Erin Irons, is personally known to me or has produced

_____ as identification.

_____            _____
Signature of notary                           Printed name of notary

LISA CARUSO
MY COMMISSION # FF 060545
EXPIRES: October 7, 2017

Notary seal